# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

| | | | |
|---|---|---|---|
| Verna Haskins )| | | |
| *Plaintiff* )| | | |
| )| | | |
| v.   **COMPLAINT** )| Case No. | 3:11CV-613-JBC | |
| )| | | |
| Zwicker & Associates, P.C. )| | | |
| *Defendant* )| | | |
| )| | | |

## PARTIES

1. This action is brought by Plaintiff on behalf of herself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

2. Plaintiff, Verna Haskins, is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Jefferson County, Kentucky.

3. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a professional service corporation registered with the Kentucky Secretary of State to do business in the Commonwealth. Zwicker's principal place of business in Kentucky is located at 2300 Litton Lane, Hebron, KY 41048.

## JURISDICTION

4. Jurisdiction is proper in the Federal District Court in the Western District of Kentucky as this case is based solely on a federal question as defined by 28 U.S.C. § 1331, namely application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

5. Venue is proper in this Court under 15 U.S.C. § 1692k(d) for Plaintiff and all others similarly situated to her that reside in Kentucky and against whom Defendant undertakes its collection business activity in the Commonwealth of Kentucky.

## BACKGROUND

6. Plaintiff is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant regularly collects, or attempts to collect debts due (or claimed to be due) another.

8. Defendant engages in the collection of consumer debt and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

10. On or about May 23, 2011, Defendant acting on behalf of the creditor Discover Bank filed a civil action against Plaintiff in the Jefferson Circuit Court, Case No. 11-CI-003580. A copy of the Complaint is attached as Exhibit "A."

11. The Complaint against Plaintiff filed by Defendant on behalf of Discover sought to recover damages for an alleged breach of a Credit Card Agreement between Discover and Plaintiff.

12. In addition to recovering damages under the Credit Card Agreement, the Complaint also demanded the following;

> WHEREFORE, the Plaintiff, DISCOVER BANK demands judgment against Defendant(s), VERNA J. HASKINS, on Counts One and Two of its Complaint, in the sum of $13,370.93, and on Counts Three and Four of its Complaint, in the sum of $7,142.69. The total sum of $20,513.62, plus pre-judgment interest at the statutory rate from the date of filing to the date of judgment, plus post-judgment interest on the balance at the statutory rate from the date of judgment, plus attorney fees, plus court costs.

13. KRS 360.010 controls the right to pre-judgment interest and KRS 360.040 controls the right to post-judgment interest in Kentucky.

14.     Statutory pre-judgment and post-judgment interest is not authorized by these statutes when a party sues on a contract or other obligation in writing, such as a Credit Card Agreement, that provides for the imposition of interest.

15.     On July 27, 2011, Plaintiff's counsel in the Jefferson Circuit Court action 11-CI-003580 served Requests for Admissions on Discover by mailing a copy of the request to Defendant as Discover's counsel.

16.     The Request for Admissions to Discover provides in pertinent part:

### DEFINITIONS

"Credit Card Agreement" means Credit Agreement referred to in the Complaint.

Plaintiff, Discover Bank, is hereby requested pursuant to the Rule 36 of the Kentucky Rules of Civil Procedure to answer the following requests for admissions:

1. Do you admit that the Credit Card Agreement has express provisions for the calculation of interest?

**RESPONSE: Admit**

2. Do you admit that the Credit Card Agreement has express provisions for the imposition of interest?

**RESPONSE: Admit**

17.     Defendant on behalf of Discover, admitted both of the requests for admission as set out in Paragraph 16. herein.  A copy of Discover's response is attached as Exhibit "B."

18.     Because the Credit Card Agreement provides for the calculation and imposition of interest, pre-judgment and post-judgment interest is not recoverable under KRS 360.010 and KRS 360.040.

19.     The above-described actions by Defendant constitute violations of the Fair Debt Collection Practices Act.

20.     Defendant's violations of the FDCPA include, but are not limited to, the following:

(a)     Violation of 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law, including but not limited to attempting to collect prejudgment and post-judgment interest from Plaintiff in violation of statute; and

   (b) Violation of 15 U.S.C. § 1692e(5) by threatening to take an action that cannot be legally taken, namely demanding prejudgment and post-judgment interest in violation of statute and law.

## CLASS ALLEGATIONS

21. Plaintiff Verna Haskins brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated. These persons comprise all persons against whom Defendant has brought suit on behalf of Discover Bank within the last 12 months prior to the date of filing this Complaint and in which the underlying Complaint includes a demand for prejudgment and/or post-judgment interest.

22. This action seeks statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded for violation of the Act.

23. The class so represented by Plaintiff in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

24. Plaintiff's claims are typical of the claims of the class.

25. There are common questions of law and fact in this action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether Defendant's demand for prejudgment and post judgment interest in the Complaints as filed against the class members on behalf of Discover Bank constitute a violation of the Fair Debt Collection Practices Act.

26. There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

27. Plaintiff is a representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

28. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

29. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

30. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a

practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

31.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

32.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

33.     The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

34.     Because many of the persons sued by Defendant on behalf of Discover Bank may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Certify this action as a Class Action and appoint Verna Haskins as representative of the Class and her undersigned attorneys as class counsel;

2. Enter judgment in favor of the Class and against the Defendant for statutory damages as provided by 15 U.S.C. § 1692k(a)(2);

3. Order Defendant to return to each Plaintiff all interest paid in violation of KRS 360.010, KRS 360.040, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692f(1)

4. Trial by jury on all issues so triable

5.  Award the Class costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a)(3); and

6. Grant such further relief as deemed just.

        s//: <u>James R. McKenzie</u>

        James McKenzie
*Pedley & Gordinier, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:    (502) 214-3120
Fax:   (502) 214-3121
jmckenzie@pedleylaw.com

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
jhl@lawsonatlaw.com